UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

    Plaintiff,

v.                                            Civil Action No. 3:13cv375

GENERAL INFORMATION SERVICES, INC.
and E-BACKGROUNDCHECKS.COM, INC.,

    Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, STRIKE PARAGRAPH 77(g) AND TO STAY COUNT II

Defendants General Information Services, Inc. ("GIS") and E-Backgroundchecks.com, Inc. ("E-Backgroundchecks.com") (collectively, "Defendants"), by counsel, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move for dismissal of the Complaint filed by Liberty Mutual Fire Insurance Company ("Liberty Mutual") for lack of subject matter jurisdiction and for failure to state claim on which relief can be granted. In the alternative to dismissing Count II, Defendants request that this Court stay Count II until resolution of the underlying litigation. In the alternative to dismissing Count I, Defendants request that this Court strike Paragraph 77(g) of the Complaint.

### I.    INTRODUCTION

Liberty Mutual filed the Complaint in this action, seeking a declaration of the parties' rights and obligations under insurance contracts issued by Liberty Mutual in relation to a lawsuit captioned *Henderson, et al. v. Backgroundchecks.com*, No. 3:13-cv-00029-REP (E.D. Va., Richmond Div., Jan. 11, 2013) (the "Henderson Suit"). In Count I, Liberty Mutual seeks a

declaration regarding its duty to defend the Henderson Suit. In Count II, Liberty Mutual seeks a declaration as to its duty to indemnify Defendants "to the extent that Defendants become legally obligated to pay sums for the *Henderson* Suit." (Compl. ¶ 80). However, Liberty Mutual has made no allegation that Defendants have become legally obligated to pay sums for the Henderson Suit.

This Court should dismiss Count II, because the issue of indemnity is not ripe for adjudication. Defendants have not become legally obligated to pay sums for the Henderson Suit. Liberty Mutual's duty to indemnify will be governed by the facts actually proven at trial in the Henderson Suit. Because the issue of indemnification is not ripe for adjudication, no case or controversy exists under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* (the "DJA"), and this Court lacks subject matter jurisdiction on the indemnity issue.

Furthermore, prudential grounds counsel in favor of dismissal. Most of the issues raised in Count II are not raised in Count I and are irrelevant to the present controversy about whether Liberty Mutual has a duty to defend the Henderson Suit. Accordingly, dismissal of Count II will serve the interests of justice.

In Count I, Liberty Mutual lists its "reasons" as to why it has disclaimed its duty to defend the Henderson Suit. (Compl. ¶ 77). Liberty Mutual sets forth six arguments with reference to specified policy terms and provisions. (Compl. ¶ 77(a)-(f)). Within its list, in a "catch-all" subparagraph, Liberty Mutual further alleges that "[c]overage is unavailable or limited by additional terms, conditions, limitations and exclusions under the Policies." (Compl. ¶ 77(g)). This vague, legal conclusion is insufficient under the federal pleading rules as interpreted by the United States Supreme Court. Such allegations go to the heart of Liberty Mutual's Count I and the Court should not continence the insurer's failure to set forth the factual basis for them. Accordingly, this Court should dismiss Count I for Liberty Mutual's failure to

2

provide Defendants with fair notice of the declaration sought and the grounds upon which it rests. At a minimum, Paragraph 77(g) of the Complaint should be stricken in accordance with Fed. R. Civ. P. 12(f).

## II.   BACKGROUND

### A.   The Henderson Suit.

On January 11, 2013, Tyrone B. Henderson, Sr., Kelvin Thomas, and Ronald Johnson filed the Henderson Suit alleging that "Backgroundchecks.com," in its own name and trading as ebackgroundchecks.com, violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq*. (Compl. ¶ 53). Plaintiffs in the Henderson Suit allege putative classes based upon conduct alleged to have taken place within five years of the date of the Henderson Suit. (Compl. ¶¶ 60-63).[1]

### B.   Liberty Mutual's Action for Declaratory Judgment.

On June 12, 2013, Liberty Mutual filed its Complaint in this action. Liberty Mutual places at issue two Commercial General Liability policies and two Umbrella Excess Liability policies (the "Liberty Mutual Policies"). (Compl. ¶¶ 14-15). In Count I, Liberty Mutual asks this Court to interpret and apply **six** specified provisions of the Liberty Mutual Policies, to consider its vague assertion that coverage is unavailable or limited by unspecified "additional" provisions of the policies, and declare that there is no duty to defend. (Compl. ¶ 77). In Count II, Liberty Mutual asks this Court to interpret and apply **twenty-three** provisions of the Liberty Mutual Policies to find that there is no duty to indemnify, again appending a catch-all allegation. (Compl. ¶ 80).

---

[1] The Plaintiffs in the Henderson Suit filed their First Amended Class Complaint on or about April 8, 2013. Liberty Mutual's Complaint does not refer to their amended Complaint in the Henderson Suit, so Defendants do not cite to the amended Complaint in the present motion.

### III. ARGUMENT

#### A. Count II, Seeking a Declaration As to Liberty Mutual's Duty to Indemnify, Is Not Ripe Because the Duty to Indemnify Cannot Be Determined Until After Resolution of the Henderson Suit.

In Count II, Liberty Mutual seeks a declaration that Liberty Mutual either has no duty to indemnify Defendants for the Henderson Suit or, in the alternative, that such duty to indemnify is "limited by the terms, conditions, exclusions, and limitations of the Policies." (Compl., Prayer for Relief ¶ B). The duty to indemnify is not ripe for determination until the Henderson Suit is resolved. This Court is without jurisdiction to hear a controversy that is not ripe. Accordingly, this Court should dismiss Count II.

As the Plaintiff in this action, Liberty Mutual has the burden of proving this Court's jurisdiction. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). If a claim is not ripe, this Court has no jurisdiction to consider it. *Texas v. United States*, 523 U.S. 296, 300 (1998). A claim is not ripe for adjudication if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (citations omitted). Ripeness requires this Court "to evaluate both the fitness of the issues for judicial decision and the hardship of withholding court consideration." *Id.* at 300-01 (*citing Abbott Labs. v. Gardner*, 387 U.S. 136 (1967)). As explained by this Court, "a declaratory judgment action, like any other proceeding heard by a federal court, must present an actual 'case or controversy' within the meaning of Article III of the Constitution." *Avco Corp. v. Cherry*, Civ. A. No. 3:08cv402, 2008 WL 5234691, at *3 (E.D. Va. Dec. 15, 2008).

Liberty Mutual brings Count II under the DJA, which provides that district courts "may" declare the rights of interested parties. The DJA confers "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The propriety of declaratory relief will depend upon a sense of its fitness under the

-
-

particular circumstances. It is a "remedial arrow in the district court's quiver;" "an opportunity, rather than a duty." *Id.* at 288. As a result, a district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgment based upon "considerations of practicality and wise judicial administration." *Id.* In sum, two conditions must be satisfied for a district court to have jurisdiction to issue a declaratory judgment. *Avco*, 2008 WL 5234691, at *4. The dispute must both be a "case or controversy" within the confines of Article III of the Constitution, and the district court must be satisfied, in its discretion, that declaratory relief is jurisprudentially appropriate under the circumstances. *Id.*

The duty to indemnify refers to an insurance company's responsibility to pay a monetary award, like a judgment, when its insured has become liable for a covered claim. *Perdue Farms, Inc. v. Travelers Cas. & Surety Co. of Am.*, 448 F.3d 252, 258 (4th Cir. 2006). The duty to indemnify is determined based on litigated facts, not on the allegations in an underlying complaint. *Builders Mut. Ins. Co. v. Futura Group, L.L.C.*, 779 F. Supp. 2d 529, 532 (E.D. Va. 2011). A judgment declaring an insurance company's indemnification obligation is therefore premature until there has been a finding of liability in the underlying proceeding.

In Count II, Liberty Mutual seeks a declaration as to its duty to indemnify Defendants "to the extent that Defendants become legally obligated to pay sums for the *Henderson* Suit." (Compl. ¶ 80). However, Liberty Mutual has made no allegation that Defendants have become legally obligated to pay sums for the Henderson Suit. Here, the issue of indemnity is not ripe by constitutional standards, and it would not be jurisprudentially appropriate to issue a declaratory judgment when there has been no finding of liability in the Henderson Suit. Indeed, there may never be such a finding. If Defendants prevail in the Henderson Suit, the issue of indemnity will be moot.

District Courts in the Eastern District of Virginia have taken a number of approaches to claims that seek premature declaratory judgments on the indemnity issue. In *Lott v. Scottsdale Ins. Co.*, Judge Ellis entered summary judgment on the duty to defend and certified the judgment as final under Rule 54(b), while stating that the existence and extent of the duty to indemnify "will be addressed, if necessary, after the conclusion of the Underlying Lawsuit." 827 F. Supp. 2d 626, 640 (E.D. Va. 2011). In *Capitol Envtl. Svcs., Inc. v. North River Ins. Co.*, also considered by Judge Ellis, the court noted that the issue of indemnity was "premature and must be deferred." 536 F. Supp. 2d 633, 646 (E.D. Va. 2008). In *Builders Mut. Ins. Co.*, Judge Davis did not grant a motion to stay the entirety of the action pending resolution of a state court lawsuit for which the duty to defend was sought. However, he noted that, at a future date, he would consider "dismissing the indemnification claim" or "administratively closing the indemnification portion of the case pending resolution of the underlying state action." 779 F. Supp. 2d at 535.

Rather than asserting jurisdiction over an unripe indemnity claim and deferring or staying it, the more appropriate procedure jurisdictionally would be to dismiss the indemnity claim as unripe, while adjudicating the duty to defend issue. Jurisdiction cannot be asserted over an unripe claim. Numerous courts elect to dismiss unripe requests for declaratory judgments regarding the duty to indemnify. *See*, *e.g.*, *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 697 (7th Cir. 1995) ("we agree that Nationwide's request for a declaration as to its duty to indemnify Zavalis was properly dismissed as premature"); *American Auto. Ins. Co. v. Jacobs*, Civil No. 1:11-cv-00332-MR-DLH, 2013 WL 2632602 (W.D.N.C. June 11, 2013) (dismissing complaint for lack of subject matter jurisdiction where insurance company sought declaration of no duty to indemnify); *First Mercury Ins. Co. v. Horizon Roofing, Inc.*, Civ. Action No. 3:12-cv-03393-O, 2013 WL 1481988 (N.D. Tex. Apr. 9, 2013) (same); *Evanston Ins. Co. v. Layne Thomas Bldrs., Inc.*, 635 F. Supp. 2d 348, 353-54 (D. Del. 2009) (same).

6

In addition to the jurisdictional arguments in favor of dismissing Count II, particularly strong prudential considerations exist in the present case that weigh in favor of dismissal. Count II raises twenty-three policy provisions, while Count I raises only six disclosed thus far. By dismissing Count II as unripe, the parties and the Court can focus on the six provisions that are alleged to be relevant to the duty to defend, and a final judgment can be entered as to the duty to defend. Assuming that Count I can be resolved based solely upon the applicable Complaint and the Liberty Mutual Policies, as most duty to defend questions are, this case can be resolved expeditiously if it is limited to the present, actual controversy – the duty to defend.

If the Court does not dismiss Count II, the Court should stay proceedings under Count II until the Henderson Suit is resolved. Yet, the better course of action is dismissal without prejudice even if this Court were to find that it had jurisdiction over Count II. S*ee Grange Mut. Cas. Co. v. Dasher*, No. 6:12-cv-63, 2013 WL 85244, *5-6 (S.D. Ga. Jan. 7, 2013) (finding an actual case or controversy because the insurance company disclaimed its obligation to indemnify and the policyholder disagreed, yet granting the motion to dismiss on prudential grounds because if the policyholder prevailed in the underlying action, the indemnity question would be moot).

    **B.**     <u>**Count I of Liberty Mutual's Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because Its Conclusory Allegations Fail to Meet Pleading Standards Established by *Twombly* and *Iqbal*.**</u>

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); *see also* Fed. R. Civ. P. 8(a)(2). In Paragraph 77(g) of the Complaint, Liberty Mutual alleges that "[c]overage is unavailable or limited by additional terms, conditions, limitations and exclusions . . . ." This allegation does not place Defendants on notice of what the grounds are upon which its claim rests.

Additionally, a claim only has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly,* 550 U.S. at 556). Liberty Mutual has not met this burden—it has not pled any facts that give Defendants notice of what "additional terms, conditions, limitations and exclusions" it may be referencing in Paragraph 77(g) of the Complaint. Accordingly, the Court should dismiss Count I without prejudice.

In the alternative, the Court should strike Paragraph 77(g) from Count I. An insurance company must advise its policyholder promptly of any grounds for denying coverage, and the insurance company will not be permitted to mend its hold on its insured by asserting some new grounds for denial when the initial basis for denial proves to be without merit. *Ohio & Miss. Ry. Co. v. McCarthy*, 96 U.S. 258, 267-68 (1877) (holding that "where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold."); *Wall Grocer Co. v. Jobbers' Overall Co.*, 264 F. 71, 74 (4th Cir. 1920) (applying the mend the hold doctrine to prevent a party from "shift[ing] its ground for the purpose of evading liability"); *see* also *Harbor Ins. Co. v. Cont'l Bank Corp.*, 922 F.2d 357 (7th Cir. 1990) (applying the "mend the hold" doctrine to reverse a trial court ruling that refused to permit the policyholders to offer evidence of inconsistent positions taken by their insurance companies).

Liberty Mutual has identified six grounds for refusing to defend Defendants. Those six assertions should be considered in light of the relevant standards in the applicable law. If Liberty Mutual's grounds for disclaiming its duty to defend have merit and there is no liability that could even potentially be covered, then Liberty Mutual need not defend the Henderson Suit.

8

If Liberty Mutual's bases for refusing to defend the Henderson Suit are without merit, however, then Liberty Mutual should assume the defense. Either way, the current actual controversy will be resolved by a declaration on the duty to defend.

Moreover, Liberty Mutual should not be heard to suggest discovery is needed by it. The policies are Liberty Mutual's insurance policies. Liberty Mutual has a copy of the Complaint in the Henderson Suit and the First Amended Class Complaint in the Henderson Suit is publicly available. The duty to defend is typically evaluated based on the eight corners of those documents, and a defense obligation arises if there is even the potential for coverage.

## IV. CONCLUSION

For the foregoing reasons, Defendants request that this Court grant their motion to dismiss Count II of the Complaint, or in the alternative, to stay Count II until the Henderson Suit is resolved. Furthermore, Defendants request that this Court dismiss Count I for failure to meet the applicable pleading standards, or in the alternative, to strike Paragraph 77(g).

Dated: August 7, 2013

Respectfully submitted,

GENERAL INFORMATION SERVICES, INC.
and E-BACKGROUNDCHECKS.COM, INC.

By Counsel

/s/ Curtis G. Manchester
Curtis G. Manchester, Esquire (VSB No. 32696)
Alexandria E. Cuff, Esquire (VSB No. 83785)
Reed Smith LLP
Riverfront Plaza – West Tower
901 E. Byrd Street - Suite 1700
Richmond, VA 23219-4068
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
cmanchester@reedsmith.com
acuff@reedsmith.com

Timothy P. Law, Esquire (pro hac vice pending)
Anthony B. Crawford, Esquire (pro hac vice pending)
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
tlaw@reedsmith.com
acrawford@reedsmith.com

Counsel for Defendants General Information Services, Inc. and E-Backgroundchecks.com, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Matthew W. Beato, Esquire
Laura A. Foggan, Esquire
Dale E. Hausman, Esquire
Wiley Rein LLP
1776 K Street, NW
Washington, D.C. 20006
mbeato@wileyrein.com
lfoggan@wileyrein.com
dhausman@wileyrein.com
Counsel for Plaintiff Liberty Mutual Fire Insurance Company

/s/ Curtis G. Manchester
Curtis G. Manchester, Esquire (VSB No. 32696)
Reed Smith LLP
Riverfront Plaza – West Tower
901 E. Byrd Street - Suite 1700
Richmond, VA 23219-4068
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
cmanchester@reedsmith.com
Counsel for Defendants General Information Services, Inc. and E-Backgroundchecks.com, Inc.